PER CURIAM.
Petitioner raises the issue of ineffective assistance of appellate counsel by petition for writ of habeas corpus, which we hereby deny.
Regardless of whether the instances of prosecutorial misconduct recited by the petition amounted to harmful as opposed to harmless error, petitioner misconstrues the standard for relief established by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and embellished upon by innumerable subsequent cases.
It is conceded by petitioner that appellate counsel was made aware of the issue of prosecutorial misconduct, both by petitioner and by trial counsel. The appellate brief contained seven points on appeal and did not include reference to the issue in question. This omission was obviously not inadvertent in view of the discussions before referenced. Selection of the issues to be pressed on appeal is a matter of strategy tempered by good judgment. Hindsight criticism of that strategy is not the kind of argument that persuades that the Strickland test has been met. In that case the court summarized:
First, the defendant must show that counsel’s performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the “counsel” guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693.
Finding that neither prong of the Strickland analysis has been satisfied, we deny the writ.
DENIED.
HERSEY, C.J., WALDEN and GUNTHER, JJ, concur.